**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

RICHARD WEBB,

                            Plaintiff,

        - v -                                    Civ. No. 9:05-CV-1518
                                                         (LEK/RFT)

GUMMERUN, *Captain, Auburn Corr. Facility, et al.*,

                            Defendants.

**APPEARANCES:**                                  **OF COUNSEL:**

RICHARD WEBB
Plaintiff, *Pro Se*
420 Kingsbourough, 4th Walk
Apt. 5A
Brooklyn, N.Y. 12203

HON. ANDREW M. CUOMO                   JAIME IRENE ROTH, ESQ.
Attorney General for the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, N.Y. 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

      Presently before this Court is Defendants' Motion to Dismiss for failure to prosecute pursuant to FED. R. CIV. P. 41(b), or in the alternative, for an order to compel discovery and for reimbursement of expenses pursuant to FED. R. CIV. P. 37(d). Dkt. No. 23. Plaintiff has not responded to the Motion. For the reasons that follow, we recommend the Defendants' Motion to Dismiss be **granted**.

**I. BACKGROUND**

      On December 5, 2005, *pro se* Plaintiff Richard Webb filed this action pursuant to 42 U.S.C.

§ 1983, alleging that his constitutional rights under the Eighth and Fourteenth Amendments were violated while he was a prisoner at Auburn Correctional Facility. Dkt. No. 1, Compl. at ¶¶ 43-52. At the time Plaintiff instituted this civil rights action, he was in the custody of the New York State Department of Correctional Services (DOCS). He filed an Application to Proceed *In Forma Pauperis*, Dkt. No. 2, which was granted by the Court, Dkt. No. 4.

On April 12, 2006, Plaintiff filed a Notice of Change of Address, directing future correspondences to an apartment in Brooklyn, New York. Dkt. No. 17. However, information available at the DOCS website indicates that Plaintiff was not released from DOCS custody until July 18, 2007. *See* New York State DOCS Inmate Population Information search, *available at* http://nysdocslookup.docs.state.ny.us/kinqw00. And yet, mailings sent from this Court to Plaintiff at the Brooklyn address have never been returned as undeliverable.

After all Defendants appeared in the action, a Pre-trial Scheduling Order was issued by this Court setting a discovery deadline of March 30, 2007. Dkt. No. 20. On March 9, 2007, Defendants served Plaintiff at the Brooklyn address with a Notice of Deposition for March 28, 2007, at 1:00 p.m. at the Office of the Attorney General in Albany, New York. Dkt. No. 23, Ex. A. Plaintiff failed to appear at the deposition on that date, and neither did he call nor otherwise attempt to contact counsel to explain his absence at any time on the 28th or thereafter. *Id*., Ex. B. The court reporter's fee for appearing at the deposition was $75.00. *Id*., Ex. C. Defendants sought an extension of the discovery and motion to compel deadlines in order to re-notice Plaintiff's deposition, which the Court granted, extending those deadlines to May 31, 2007, and June 15, 2007, respectively. Dkt. No. 22. On May 17, 2007, Defendants again served Plaintiff at his Brooklyn address with a Notice of Deposition for May 31, 2007, at 1:00 p.m. at the Office of the Attorney

General in Albany, New York. Dkt. No. 23, Ex. D. On May 31, 2007, the date of the deposition, Plaintiff again failed to appear, and after waiting for fifty minutes, the Assistant Attorney General concluded the proceeding. Dkt. No. 23, Ex. F. Defendants incurred another fee of $75.00 for the court reporter's presence on that date. *Id.*

Defendants now move to dismiss the action pursuant to FED. R. CIV. P. 41(b) or in the alternative, for an order compelling discovery and reimbursement of expenses incurred in their failed attempts to depose Plaintiff. A response to Defendants' Motion was due on July 16, 2007. By November 19, 2007, the Court still had not received a response from Plaintiff. In light of his *pro se* status, the Court *sua sponte* extended Plaintiff's time to respond until December 28, 2007. Dkt. No. 25. To date, the Court has not received a response from Plaintiff; nor has there been any activity on Plaintiff's behalf since his Notice of Change of Address was filed on April 12, 2006.

## II. DISCUSSION

### A. Fed. R. Civ. P. 41(b)

FED. R. CIV. P. 41 permits a court to dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of the court[.]" FED. R. CIV. P. 41(b). However, dismissal under FRCP 41(b) is considered a "harsh remedy" and should be utilized only in "extreme circumstances." *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d. Cir. 1996)). In addition, when, as here, there is a *pro se* litigant, "[d]istrict courts should be especially hesitant to dismiss for procedural deficiencies[.]" *Id.* Dismissals pursuant to Rule 41 are within the discretion of the court pursuant to its authoritative and discretionary control over case management and calendar congestion. *See Dodson v. Runyon,* 957 F. Supp. 465, 469 (S.D.N.Y.), *aff'd without opinion*, 152 F.3d 917 (2d Cir. 1998), (citing *Nita*

*v. Conn. Dep't of Envtl. Protection*, 16 F.3d 148, 485 (2d Cir. 1994)).

Determining whether a Rule 41(b) dismissal is warranted requires a court to examine the record as a whole, and specifically to consider the following factors: (1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Id*. at 112-13 (citing *Lucas v. Miles*, 84 F.3d at 535 & *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994) (other citations omitted)). Generally, no factor is dispositive. *Nita v. Conn. Dep't of Envtl. Protection*, 16 F.3d at 485.

After reviewing the procedural history of this case, we find that Plaintiff has failed to participate in discovery. As indicated above, Plaintiff's inactivity began after he filed the Notice of Change of Address on April 12, 2006. In that respect, it is noteworthy that Plaintiff was not released from DOCS custody until July 18, 2007, well after his failures to attend depositions on March 28 and May 31, 2007, which were to take place at the Office of the Attorney General in Albany, New York. Irregardless of why Plaintiff changed his address before his release from prison, it was his responsibility to keep the Court and his adversaries appraised of his current and/or preferred address.[1] *See* N.D.N.Y.L.R. 10(b). Since April 12, 2006, Plaintiff has not informed the Court of a change of address, and in fact has not communicated with the Court nor Defendants at all. Pursuant to Local Rule 41.2(a), "the plaintiff's failure to take action for four (4) months shall

---

[1] While Plaintiff has this obligation, Defendants could have saved time and resources had they simply consulted the DOCS website and easily found, as we did, that this *pro se* Plaintiff was still incarcerated at the time of the scheduled depositions, and therefore not likely to attend.

be presumptive evidence of lack of prosecution." *See also* N.D.N.Y.L.R. 41.2(b) stating that "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action."

Defendants have been prejudiced by Plaintiff's failure to participate in discovery. First, Defendants have been denied access to information necessary to defend themselves against Plaintiff's claims. Second, the just disposition of Plaintiff's claims have been delayed by attempts on the part of the Defendants and the Court to allow Plaintiff to participate in discovery and respond to Defendants' Motions.

Plaintiff's complete failure to communicate or otherwise participate in the discovery phase of his lawsuit evidences a lack of consideration for the Defendants, whom he has accused, and for the Court in which he seeks his redress. Plaintiff has "refus[ed] to play by the basic rules of the system upon whose very power [he] is calling [on] to vindicate his rights." *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) (quoting the district court opinion, 117 F.R.D. 55, 58 (S.D.N.Y. 1987), in the context of noting that while *pro se* litigants are provided special solicitude due to the difficulties they face, such special treatment would not extend to those litigants who willfully disobey court orders).

Plaintiff was explicitly warned that his failure to respond to the Defendants' Motion could result in dismissal of his claim. Dkt. No. 25 (stating that "**failure to respond may, if appropriate, result in the granting of Defendants' Motion, in which there will be no trial**." (emphasis in original) (citing N.D.N.Y.L.R. 7.1(b)(3)). Furthermore, we granted Plaintiff additional time to respond to said Motion before considering it. Notably, none of the Court's mailings to Plaintiff have been returned as undeliverable. Because it is Plaintiff's responsibility to keep his address updated,

we can presume he received proper notification of the pending Motion and the consequences that would result from his failure to respond.  As we warned Plaintiff, his failure to defend his actions constitutes acquiescence to the relief sought by Defendants.

The Court believes that, considering Plaintiff's total lack of communication since April 2006, imposing sanctions would only temporarily prolong the life of this claim, further prejudicing Defendants and burdening the Court.  Therefore, based upon the totality of the circumstances and discussion of the factors set forth above, we believe that **dismissal** is warranted in this action.[2]

### III. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 23) be **granted** and Plaintiff's Complaint be **dismissed** due to his failure to diligently prosecute this action, in accordance with FED. R. CIV. P. 41(b); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b), 6(a), & 6(e).

---

[2] Because we are recommending that Defendants' Motion to Dismiss be granted, we will not consider their alternative motions to compel discovery and for sanctions pursuant to Federal Rule of Civil Procedure 37(d).

Date:  February 11, 2008
       Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge